<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RIVERVIEW MEDICAL CENTER, et al., | : | |
| | : | |
| Plaintiffs, | : | Civ. No. 08-3770 (GEB) |
| | : | |
| v. | : | |
| | : | |
| F.A. DAVIS COMPANY, | : | **MEMORANDUM OPINION** |
| | : | |
| Defendant. | : | |

**<u>BROWN, Chief District Judge</u>**

This matter comes before the Court upon the following four motions **(1-4**, below**)** filed by Plaintiffs Riverview Medical Center (hereinafter, "Riverview"), John King, Joe B. Clarke, Jr., and Shirley C. Hoel (hereinafter, collectively, "Plaintiffs"); and Defendant F.A. Davis Company (hereinafter "Defendant" or "F.A. Davis"):

**(1)** motion to dismiss all counts of Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by F.A. Davis [Docket # 3];

**(2)** motion to transfer this case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) filed by F.A. Davis [Docket # 4];

**(3)** motion to strike portions of Plaintiffs' complaint pursuant to FED. R. CIV. P. 12(f) filed by F.A. Davis [Docket #5];

**(4)** cross-motion for partial summary judgment pursuant to FED. R. CIV. P. 56 filed by Plaintiffs [Docket # 12].

The Court has considered the parties' submissions and will decide these motions without

oral argument pursuant to FED. R. CIV. P. 78.  For the reasons set forth below, the Court will grant F.A. Davis' motion to transfer venue [Docket # 4]. In light of that decision, the Court will not address the parties' other pending motions [Docket #'s 3, 5, 12].

I.      BACKGROUND

On October 27, 1938, in Philadelphia, Pa., Clarence Wilbur Traber and F.A. Davis agreed to a contract (hereinafter the "Publishing Agreement") for the publication of *Traber's Cyclopedic Medical Dictionary* (hereinafter, "*Traber's*"), which Clarence Traber authored.  (Decl. of Robert H. Craven, Ex. A. ("1938 Davis-Traber Publishing Agreement") at 13.)  Since the Publishing Agreement was signed in 1938, F.A. Davis has continuously published *Traber's* in Philadelphia, Pa. (*Id.* at ¶ 4.)  The original 1938 Publishing Agreement has been amended twice; first in 1949, and again in 1993.  (Decl. of Robert H. Craven, Ex. B, C.)  In both cases, Mr. Traber, and later his various devisees, accepted reductions in the compensation owed them by F.A. Davis.  (*Id.*) The 1993 amendment to the Publishing Agreement, which is primarily at issue in this case, was negotiated and executed in Philadelphia, Pa.  (Decl. of Michael Craven, Jr. at ¶¶ 29, 30.)  The 1992 law suit filed by Taber's then devisees, which gave rise to the 1993 amendment to the Publishing Agreement, was filed in Philadelphia, Pa.  (*Id.* at ¶ 28.)  This case arises from a dispute regarding the terms of the 1993 amendment to the *Traber's* Publishing Agreement.  The Plaintiffs in this case, who are the current devisees of Clarence Traber's rights under the Publishing Agreement, are as follows: (1) Riverview, which is located in Red Bank, New Jersey; (2) John King, a resident of Greensboro, North Carolina; (3) Joe B. Clarke, Jr., a resident of Lafayette, Louisiana; and (4) Shirley C. Hoel, a resident of Roanoke, Virginia.  (Am. Compl. at 1; Not. of Removal at ¶¶ 6-9.)  In sum, Plaintiffs allege that F.A. Davis has improperly withheld

certain royalties due Plaintiffs under the Publishing Agreement as amended in 1993. (Am. Compl.)

## II. DISCUSSION

### A. Defendant's Motion To Transfer Venue Is Granted

Defendants seek to transfer this action to the Eastern District of Pennsylvania [Docket 4]. Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The purpose of Section 1404(a) is to avoid the waste of time, energy and money, and, in addition, to safeguard litigants, witnesses and the public against avoidable inconvenience and expense." Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 518 (D.N.J. 1998) (citing Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993); Am. Tel. & Tel. Co. v. MCI Communications Corp., 736 F. Supp. 1294, 1305 (D.N.J. 1990)).

"Whether to transfer a case is generally committed to the discretion of the district courts." In re United States, 273 F.3d 380, 387 (3d Cir. 2001); see also Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973) (under § 1404(a), "the district court is vested with a wide discretion"). However, when determining whether to transfer a matter, the Court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 498 (D.N.J. 1998) (quoting Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir.1995)). "The burden of establishing the need for transfer still rests with the movant." Jumara, 55 F.3d at 879. Although the Third Circuit has not provided a

3

definitive list of factors, the Third Circuit has identified the following factors that may be considered:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . . the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity

Jumara, 55 F.3d at 879-880 (citations omitted); see also Foley & Lewis Racing, Inc. v. Burling, No. 07-972 (JEI), 2008 WL 544655, at *3 n.11 (D.N.J. Feb. 27, 2008) (listing factors).

After considering all relevant facts, this Court concludes that transfer of venue to the Eastern District of Pennsylvania is proper. This is a contract case that was removed to this Court based upon the diversity of the parties. (Not. of Removal at 3.) Plaintiffs, who are currently the devisees of Clarence Traber's rights under the Publishing Agreement, hail from four different states, as follows: (1) Riverview is located in Red Bank, New Jersey; (2) John King is a resident of Greensboro, North Carolina; (3) Joe B. Clarke, Jr. is a resident of Lafayette, Louisiana; and (4) Shirley C. Hoel is a resident of Roanoke, Virginia. (Am. Compl. at 1; Not. of Removal at ¶¶ 6-9.) The Defendant, F.A. Davis Co., is based in Philadelphia, Pa. (Not. of Removal at ¶ 10.) The books, records, and employees of F.A. Davis are in Philadelphia, Pa. (Decl. of Michael Craven, Jr. at ¶¶ 7,8.) The Publishing Agreement, which unquestionably forms the cornerstone of this litigation, was first executed in Philadelphia, Pa. in 1938. (Decl. of Robert H. Craven, Ex. A. ("1938 Davis-Traber Publishing Agreement") at 13.) The 1993 amendment to the Publishing

Agreement, which is primarily at issue in this case, was negotiated and executed in Philadelphia, Pa. (Decl. of Michael Craven, Jr. at ¶¶ 29, 30.) The 1992 law suit filed by Taber's then devisees, which gave rise to the 1993 amendment to the Publishing Agreement, was filed in Philadelphia, Pa. (*Id.* at ¶ 28.) Finally, the parties do not dispute that Pennsylvania law governs the substantive legal issues presented by this case.

Given these undisputed facts, it seems clear that the interests of justice, on balance, are best served by litigating this case in the Eastern District of Pennsylvania. Adjudication of the parties' claims will require detailed review and application of Pennsylvania's common law of contracts. Such a detailed review may best be undertaken by the court that sits in and more frequently applies the laws of the Commonwealth of Pennsylvania. Moreover, despite Plaintiffs' arguments to the contrary, this case's connection to New Jersey is negligible, as is the State of New Jersey's interest in its disposition. In their brief opposing transfer of this case, Plaintiffs' state:

> Defendant has understated New Jersey's ties to this lawsuit. New Jersey is, of course, the home state of [Plaintiff Riverview]. In addition, Riverview has been entitled to royalties from the sales of *Taber's* since 1981. Prior to that, payments had been made to Clarence Wilbur Taber, Jr. (son of the author of the treatise), who was a resident of Middletown, New Jersey prior to his death. F.A. Davis has been making payments to Riverview in <u>New Jersey</u> throughout that time period. The claims in this case have arisen due to [F.A. Davis'] failure to account properly to Riverview and to send a proper payment <u>to New Jersey</u>. While there is no doubt that this case has a connection to Philadelphia, it is a misstatement to claim that the suit's relationship to New Jersey is minimal. (emphasis added by Plaintiffs)

(Pl.'s Opp'n to Def.'s Mot. to Transfer at 6.) Contrary to Plaintiffs' assertion, the Court concludes that this case's connection to New Jersey is minimal. Indeed, Plaintiffs' own submissions reveal that the only connection this case has to New Jersey is the location of

5

Plaintiff Riverview, and the allegation that F.A. Davis has failed to mail royalty checks to Riverview's address in New Jersey. Beyond that, Plaintiffs have identified absolutely nothing relevant to this case that has occurred in the State of New Jersey since the Publishing Agreement was signed in Philadelphia, Pa. in 1938. Pennsylvania, on the other hand, has been the situs of nearly all events relevant to this case over the past seventy years. In addition, Pennsylvania appears to have a significant interest in the outcome of this litigation, as this case's disposition hinges upon the application of Pennsylvania's common law of contracts, and will significantly impact the legal and financial obligations of a publishing company whose principal place of business is in Philadelphia, Pa..

Finally, the Court notes that Plaintiffs Clarke, King, and Hoel each reside in different states throughout the American south that are a considerable distance from either Trenton, N.J., or Philadelphia, Pa. If this case does ultimately proceed to trial, it seems that Philadelphia, Pa. would be at least as convenient a venue for Plaintiffs Clarke, King and Hoel as Trenton, N.J. With regard to Plaintiff Riverview, their own submissions indicate that a change of venue to Philadelphia, Pa. from Trenton, N.J. would pose no real hardship. Indeed, Riverview has correctly noted that the distance between Trenton, N.J. and Philadelphia, Pa. is, "a mere **thirty two miles from the courthouse**." (emphasis added by Plaintiffs) (Pl.'s Opp'n Br. at 7.) The Court acknowledges that a plaintiff's chosen forum is of "paramount" consideration when deciding a motion to transfer. In this case, however, the other relevant factors discussed above clearly indicate that transfer of venue to the Eastern District of Pennsylvania is appropriate.

In sum, after considering all relevant factors, the Court concludes that the interests of justice, and the convenience of the parties, on balance, are best served if this case is litigated in

the Eastern District of Pennsylvania. In its discretion, the Court will grant Defendant's motion to transfer venue [Docket # 4].

### B. The Court Will Not Address The Parties' Other Pending Motions

In light of the decision to transfer this case to the Eastern District of Pennsylvania, the Court will not address the parties' other pending motions [Docket #'s 3, 5, 12].

### III.   CONCLUSION

For the reasons noted above, the Court will GRANT Defendant's motion to transfer this case to the Eastern District of Pennsylvania [Docket # 4], and will not address the parties other pending motions [Docket #'s 3, 5, 12].  An appropriate form of order accompanies this memorandum opinion.

Dated: October 27, 2008

                                              /s/ Garrett E. Brown, Jr.
                                      GARRETT E. BROWN, JR., U.S.D.J.